UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LARAMIE DOYAL, *individually and on behalf of all others similarly situated,*<br><br>    Plaintiff,<br><br>v.<br><br>INOTIV, INC.,<br><br>    Defendant. | **Case No. 4:25-CV-00046-JEM**<br><br>**Hon. John E. Martin** |
| EMILY MERRELL, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>INOTIV, INC.,<br><br>    Defendant. | **Case No. 4:25-CV-00047-SJF**<br><br>**Hon. Scott J. Frankel** |
| STEFANIE WAGNER, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>INOTIV, INC.,<br><br>    Defendant. | **Case No. 4:25-CV-00049-APR**<br><br>**Hon. Andrew P. Rodovich** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL**

Under Federal Rules of Civil Procedure 42(a) and 23(g)(3) and N.D. Ind. L.R 42-2, Plaintiffs Laramie Doyal, Stefanie Wagner, and Emily Merrell, a (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, respectfully submit this memorandum

of law in support of their motion to (1) consolidate the related actions; (2) appoint Lynn A. Toops of CohenMalad, LLP as Interim Class Counsel ("Proposed Interim Class Counsel); (3) stay the related actions, including any of the Defendant's responsive pleading deadlines, and (4) require the filing of a consolidated class action complaint ("Consolidated Complaint") within thirty (30) days of entry of an order consolidating the cases and appointing Interim Class Counsel.

As discussed below, consolidation is proper because each action: (i) is brought against the same defendant; (ii) is based on the same alleged data incident Defendant discovered in or about August of 2025; (iii) asserts the same or overlapping allegations and claims for relief; and (iv) seeks to represent the same or overlapping putative classes. Given the common alleged factual background and claims asserted in each action, consolidation and the appointment of interim class counsel will streamline litigation and preserve judicial and party resources.[1]

## I.    INTRODUCTION & PRELIMINARY STATEMENT

There are three class action lawsuits currently pending in this Court that present common questions of law and fact against the same Defendant, Inotiv, Inc. ("Defendant"); *Doyal v. Inotiv, Inc.*, Case No. 4:25-cv-00046-JEM (the "*Doyal*" action), *Merrell v. Inotiv, Inc.*, Case No. 4:25-cv-00047-SJF (the "*Merrell*" action), and *Wagner v. Inotiv, Inc.*, Case No. 4:25-cv-00049-APR (the "*Wagner*" action) (collectively the "Related Actions").

The Related Actions arise from the same operative facts involving a cyberattack that impacted Defendant's information technology systems (the "Data Breach"). Defendant first detected the Data Breach in or around August 8, 2025. Upon information and belief, the Data Breach compromised Plaintiffs and Class members personally identifiable information ("PII") and protected health information ("PHI", and collectively, "Private Information").

---

[1] Plaintiffs' counsel has not had the opportunity to confirm Defendant's position on consolidation and appointment of leadership because counsel for Defendant has yet to enter an appearance in either of the Related Actions.

For the benefit of Plaintiffs and the proposed class, this class action lawsuit should be led by Court-appointed Interim Class Counsel. The proposed firm and attorney are ideally qualified to represent and protect the interests of the proposed classes under each of the factors enumerated in Rule 23(g); they have significant experience successfully prosecuting complex consumer class actions and data privacy cases across the country, are nationally recognized by their peers as leaders in the plaintiffs' class action bar, have invested considerable time and resources investigating and pursuing these claims. As detailed herein, Ms. Toops is uniquely well-positioned to represent Plaintiffs' and the putative Class Members' interests in this case and should be appointed Interim Class Counsel. For these reasons, Plaintiffs propose that the Related Actions be consolidated, and that Ms. Toops be appointed Interim Class Counsel.

## II.     ARGUMENT

Class actions pose unique and complex challenges that require a greater level of organization and case management to protect the interests of plaintiffs and putative class members. Consolidating the Related Actions and appointing Interim Class Counsel at the earliest practicable time is essential, as it promotes judicial economy and delineates a clear division of labor and allocation of tasks and responsibilities that is crucial in keeping the litigation well-organized and efficient. *See* Fed. R. Civ. P. 23(g) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action").

### A.  The Related Actions Should Be Consolidated

Related Action Plaintiffs respectfully request and jointly agree that the Related Actions be consolidated. The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort

for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The Seventh Circuit recognizes: "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999). *See also Transguard Ins. Co. of Am., Inc. v. Lux Holdings, LLC*, 2023 WL 3868636 (S.D. Ind. June 7, 2023) (consolidating cases); *Halczenko v. Ascension Health, Inc.*, 2023 WL 3586442 (S.D. Ind. May 19, 2023) (consolidating cases

Here, consolidation of the Related Actions is warranted. The Related Actions are pending in this Court. The Related Actions are at similar stages—the complaints in each case have been served and Defendant is yet to file a responsive pleading. The Related Actions also raise the same or similar questions of law, arise from the same set of facts surrounding the Data Breach, and involve similar class definitions, making them susceptible to disposition in a single proceeding. Each of the Related Actions focuses on whether Defendant is liable to Plaintiffs and putative Class Members whose Private Information was compromised in the Data Breach for its failure to protect this sensitive information. Moreover, the Related Actions will involve substantially similar discovery, and consolidation would increase efficiency and offer consistency in judicial rulings.

Courts consistently find that data breach class actions are particularly appropriate for consolidation. *See, e.g., Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-CV-3424-K (N.D. Tex. 2021), Dkt. 36 (ordering consolidation of three cases stemming from the same data

breach); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-CV-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation…arise out of the same occurrence: a data breach…"); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 745 (W.D.N.Y. 2017) (noting that the court had previously "issued an order consolidating…pursuant to Federal Rule of Civil Procedure 42(a)(2), and transferred the case" to one judge in a large data breach litigation).

Furthermore, to better serve judicial efficiency, Plaintiffs also respectfully submit that this Court should order that any future actions filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with the *Grubb* matter. *See, e.g., In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942 (W.D. Tex. May 9, 2012) ("future cases arising out of the same or substantially the same transactions or events as the above captioned cases shall be united into the consolidated case.") (cleaned up); *Troy Stacy Enter. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.").

Defendant will suffer no prejudice by litigating one consolidated action rather than multiple separate suits. Accordingly, consolidation of the Related Actions would inure to the benefit of all the parties involved.

### B. The Court Should Appoint Lynn A. Toops of CohenMalad, LLP as Interim Class Counsel

#### 1. Legal Standard

Rule 23(g)(3) permits this Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any

necessary discovery, moving for class certification, and negotiating settlement. *Manual for Complex Litigation*, § 21.11 (4th ed. 2004). Indeed, the Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (emphasis added).

While there is no strict calculus employed by courts to evaluate counsel, courts generally consider at least some of the following factors: (1) counsel's availability to be involved in the litigation; (2) counsel's interest in the litigation to perform meaningful work; (3) counsel's past experience in similar litigation; (4) counsel's past success in related cases; (5) counsel's ability to work collectively; (6) counsel's ability to meet financial commitments; and (7) the reputation of counsel.

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of the Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all the parties on their side, and that their charges will 8 be reasonable." Manual for Complex Litigation § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221. *See also Cappello v. Franciscan Alliance, Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017) (same).

Designating lead counsel at this stage of the litigation ensures that the putative Class Members' interests are protected in making and responding to motions, conducting discovery, and negotiating possible settlements. *See Roe v. Arch Coal, Inc.*, No. 4:15-CV-910, 2015 WL 6702288,

at *3 (E.D. Mo. Nov. 2, 2015) (finding it in the best interests of the class to appoint interim class counsel even when no other counsel competed for appointment).

Ms. Toops satisfies all requirements for appointment by the Court. She has successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers. Ms. Toops, and her firm, have the necessary resources to prosecute the litigation and are already working, and will continue to work, cooperatively to efficiently and effectively manage this litigation, as she and her respective firms have repeatedly done in the past. Because Ms. Toops has the case management and complex litigation skills, knowledge of the relevant factual and legal issues, and extensive resources needed to efficiently prosecute this action, Plaintiffs' motion should be granted.

**2. Ms. Toops Has Thoroughly Identified and Investigated the Claims.**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) is determinative, the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

*Moore's Federal Practice* § 23.120(3)(a) (3d ed. 2007).

Immediately after becoming aware of the Data Breach, Ms. Toops began investigating potential legal claims and remedies for the victims of the breach, including Plaintiffs. Those investigations included, among other things:

- Investigating the facts surrounding the data breach;
- Interviewing numerous consumers injured by the data breach;
- Researching legal claims;

- Drafting initial pleadings; and
- Organizing plaintiffs and counsel and consolidating the relevant actions for unified proceedings.

Given the scope of the Data Breach and the number of victims potentially affected, Ms. Toops worked to quickly organize efforts with Plaintiffs' counsel and avoid any delay that could result from a protracted leadership dispute and, in the process, enable the parties to address the merits of the case as expeditiously as possible. Ms. Toops will continue to work with co-counsel in this manner to best serve the interests of Plaintiffs and the putative Class. Accordingly, the substantial work and investigation to date described above weigh in favor of appointing Ms. Toops pursuant to Rule 23(g)(3) because she is organized and committed to working for the best interests of the putative Class.

### 3. Ms. Toops Has Significant Relevant Experience.

Ms. Toops is well-qualified to lead this case. She has a track record of successfully litigating and resolving consumer class actions, particularly data breach class actions. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

Ms. Toops will formulate present positions on substantive and procedural issues during the litigation. Manual for Complex Litigation § 10.221 ("Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

### 4. Lynn A. Toops of Cohen Malad, LLP

Ms. Toops and her firm of CohenMalad, LLP ("CM") should be appointed interim class counsel. She is highly qualified to serve in this role, to adequately represent and advance the interests of the class.

Ms. Toops and CM enjoy an excellent reputation as a leading class action law firm across the country. *See, e.g.*, *In re Iowa Ready-Mix Concrete Antitrust Litig.*, No. C 10-4038- MWB (N.D. Iowa Nov. 9, 2011) (commenting that "fabulous results" were achieved for the class with "incredible efficiency"). Indeed, for the past 50 years, CM has served as class counsel in numerous local, statewide, multi-state, nationwide, and even international class actions. *See, e.g.*, *In re Holocaust Victim Assets Litig.*, 105 F. Supp. 2d 139 (E.D.N.Y. 2000) (settlement of $1.25 billion for claims relating to conversion of bank accounts and property of victims of the Holocaust); *Raab v. R. Scott Waddell, in his official capacity as Commissioner of the Indiana Bureau of Motor Vehicles et al.*, Nos. 49D12-1303-PL-008769, 49D11-1310-PL- 038001 (Ind. Super. Ct.) (settlements, including after trial and judgment, of approximately $100 million in overcharges for motor vehicle and license fees). CM has also served in leadership positions in numerous multidistrict litigation matters and state court consolidations of multiple matters. *See, e.g.*, *Pain Pump Device Litig.* (CM served as National Coordinated Counsel); *In re: Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices, and Prods. Liability Litig.*, No. 16-md-2738-FLW-LHG (D.N.J. Dec. 6, 2016), ECF No. 73 (appointing C&M to plaintiffs' steering committee).

Of particular importance here, Ms. Toops has extensive experience in data breach and privacy matters. Ms. Toops and her team are currently litigating dozens of actions challenging inadequate cybersecurity protocols that resulted in the unauthorized access, theft, and/or distribution of highly sensitive data. Ms. Toops and her team are also currently litigating dozens

of actions challenging the use of third-party tracking source code on the websites and patient portals of numerous health institutions across the country. Ms. Toops currently serves as sole lead counsel in other data breach and privacy class actions currently pending in Indianapolis Commercial Court, *In Re: Columbus Regional Hospital Pixel Litigation,* Cause No. 49D01-2412-PL-056314, *In re Gregory & Appel Data Incident Litigation*, No. 49D01-2503-PL-011309. She litigated and negotiated the unprecedented phishing settlement in *McKenzie v. Allconnect*, No. 5:15-cv-00359 (E.D. Ky.), in which a federal district court approved a final settlement for current and former employees of Allconnect whose 2017 Form W-2 data was sent to an unauthorized third party in a phishing attack. The settlement included direct cash payments to every single settlement class member without the need for any claim form submission, a total of seven years of credit monitoring and identity theft protection, and reimbursement for any Settlement Class Member that suffered a documented but otherwise non-covered economic loss from the data breach.

Ms. Toops has repeatedly been appointed in leadership of data breach classes consisting of many millions of individuals:

- In July 2025, Ms. Toops was appointed as Co-Lead Interim Class Counsel in *In Re: Cerner/Oracle Data Breach Litigation,* Case No. 24-cv-259-CV-W-BP (Wd. Mo.), arising out of the data breach of Cerner's legacy servers (now Oracle Health), affecting dozens of health care providers and their patients nationwide.

- In February 2025, Ms. Toops was appointed to the Plaintiffs' Executive Committee in *Faulkner v. MoneyGram Payment Systems, Inc.,* 3:24-cv-02557-X (N.D. Tex.), a consolidated class action arising out of a data breach of MoneyGram, one of the largest money transfer services companies in the world, operating more than 430,000 locations across the globe.

- In November 2024, Ms. Toops was appointed to the Executive Committee in *In Re: Evolve Bank & Trust Customer Data Security Litigation,* No. 24-md-03127-SHL (W.D. Tenn.), a data breach class of over 7.6 million customers.

- In October 2024, Ms. Toops was appointed as Interim Class Counsel in *Owens v. MGM Resorts International,* No. 23-cv-1480-RFB-MDC, a data breach class of 74 million.

- In August 2024, Ms. Toops was appointed to the Executive Committee in *Negron v. Ascension Health*, No. 4:24-cv-669-JAR (E.D. Mo. Aug. 6, 2024), a data breach class of millions of patients nationwide.

- In August 2024, Ms. Toops was appointed to the Plaintiff's Executive Committee in *In Re: HealthEquity, Inc. Data Security Incident Litigation,* No. 2:24-cv-00528 (D. Utah), a data breach class of 4.3 million.

- In October 2023, Ms. Toops was appointed to the Plaintiffs' Executive Committee in *Lurry v. Pharmerica Corporation,* No. 3:23-CV-297-RGJ (W.D. Ky.), a data breach class of 5.8 million.

*See also Smith v. Apria Healthcare, LLC*, Case No. 1:23-cv-01003-JPH-KMB (Dkt. No. 49) (Toops appointed interim co-lead counsel in a data breach class of 1.8 million); *In re Lurie Children's Data Breach Litigation,* Case No. 2024CH00869, (Cook County, Ill.) (same in a case with nearly 1 million class members); *In re CorrectCare Data Breach Litigation*, Case No. 5:22-319-DCR (Feb. 22, 2023) (Dkt. No. 33) (same in a case of nearly 500,000).

Ms. Toops' firm resume is attached as **Exhibit A.**

### III.    CONCLUSION

Plaintiffs respectfully request that the Court grant their motion and enter an order consolidating the Related Actions under the docket number of the first-filed case *Doyal* Action, and under the title *In re: Inotiv Data Incident Litigation*. Within thirty (30) days of entry of such an order, Plaintiffs would submit their Consolidated Amended Complaint. A proposed order granting this relief is submitted herewith. Furthermore, Plaintiffs respectfully request the appointment of Lynn A. Toops as Interim Class Counsel.

Dated: September 4, 2025                    Respectfully Submitted,

/s/ *Lynn A. Toops*
Lynn A. Toops (No. 26386-49)
Amina A. Thomas (No. 34451-49)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400

Indianapolis, IN 46204
T: (317) 636-6481
F: (317) 636-2593
ltoops@cohenmalad.com
athomas@cohenmalad.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
Email: gklinger@milberg.com

Kenneth Grunfeld (*pro hac vice* forthcoming)
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd, Suite 500
Fort Lauderdale, FL, 33301
Phone: (954) 525-4100
Email: grunfeld@kolawyers.com

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Grayson Wells (*pro hac vice* forthcoming)
**Stranch, Jennings & Garvey, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

\**pro hac vice* forthcoming