UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LARAMIE DOYAL,<br>    Plaintiff,<br><br>    v.<br><br>INOTIV, INC.,<br>    Defendant. | CAUSE NO.: 4:25-CV-46-PPS-JEM |
| EMILY MERRELL,<br>    Plaintiff,<br><br>    v.<br><br>INOTIV, INC.,<br>    Defendant. | CAUSE NO.: 4:25-CV-47-SJF |
| STEFANIE WAGNER,<br>    Plaintiff,<br><br>    v.<br><br>INOTIV, INC.,<br>    Defendant. | CAUSE NO.: 4:25-CV-49-GSL-APR |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Consolidate Related Actions and Appoint Interim Class Counsel [DE 6], filed on September 4, 2025. Plaintiffs request that the three above-captioned cases regarding a data incident and compromise of private information be consolidated and that the Court appoint Attorney Lynn A. Toops of CohenMalad, LLP as interim class counsel. Defendant filed a response on October 7, 2025, indicating that it does not object to the consolidation but opposing the appointment of interim class counsel. On October 14, 2025, Plaintiffs filed a reply. Defendant also filed a motion requesting an extension of the deadline to

1

respond to the complaint until after the motion to consolidate is resolved and a consolidated complaint, if any, is filed.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Consolidation is appropriate for "cases that share the same questions of law or fact and where consolidation would not result in prejudice to any party." *Back v. Bayh*, 933 F. Supp. 738, 748 (N.D. Ind. 1996) (citing *Fleishman v. Prudential-Bache Sec.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984)). Courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results" as well as "the possibility of juror confusion or administrative difficulties." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008). In this case, the parties agree and the Court finds that the three cases contain substantially similar factual and legal contentions and that judicial economy would be served if the actions were consolidated. Future filings will be made only in the lead case.

Plaintiffs also request that the Court appoint Attorney Toops to represent the proposed interim class. Rule 23(g) provides for the appointment of class counsel, who may be designated before the class is certified. Fed. R. Civ. P. 23(g)(3).

> In appointing class counsel, the court [] must consider:
> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 26(g)(1)(A). Plaintiffs represent, and Defendant does not dispute, that Attorney Toops has successfully litigated a number of data breach class actions and her firm has the

resources to prosecute this litigation. Defendant argues that appointment of interim class counsel is unnecessary and premature. It argues that the attorneys currently representing the different plaintiffs appear to be getting along, so appointment is unnecessary to resolve rivalry, and there are not a large number of putative actions. It also argues that there is no present need for counsel to clarify who is responsible for protecting the interests of putative class members during this precertification stage of the case. Plaintiffs argue that there is the potential for dispute among the three firms currently representing different plaintiffs, since they will be required to confer and agree on litigation strategy and possibly seek court intervention, and that efficiency and judicial economy favor appointment of counsel. The Court appreciates that the attorneys have thus far been able to coordinate their activities but acknowledges that they have requested that the Court appoint one attorney "selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation" and therefore will, as the Manual for Complex Litigation suggests, hold a hearing to "conduct an independent review . . . to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Ann. Manual Complex Lit. §10.22 (4th ed.).

Accordingly, the Court hereby **GRANTS in part** Plaintiffs' Motion to Consolidate Related Actions and Appoint Interim class Counsel [DE 6] and **ORDERS** consolidation of cause numbers 4:25-CV-46-PPS-JEM, *Doyal v Inotiv, Inc.*; 4:25-CV-47-SJF, *Merrell v. Inotiv, Inc.*; and 4:24-CV-49-APR, *Wagner v. Inotiv, Inc.* All future filings shall be made in 4:25-CV-46-PPS-JEM **only**, with the caption:

3

| | | |
|---|---|---|
| IN RE: INOTIV, INC., | ) | |
| DATA INCIDENT LITIGATION | ) | CAUSE NO: 4:25-CV-46-PPS-JEM |
| | ) | |

The Court **TAKES UNDER ADVISEMENT** the motion to the extent it requests appointment of counsel and **SETS** this matter for a telephonic motion hearing on **November 13, 2025, at 11:00 a.m.** (Central Time) before Magistrate Judge John E. Martin. Parties are instructed to call 833-568-8864; enter Meeting ID 161 0956 8055; push # to skip Participant ID; enter Passcode 815985 when prompted**.**

The Court **GRANTS** Defendant Inotiv, Inc's Motion for Extension of Time, [DE 18] in *Doyal*, 4:25-CV-46-PPS-JEM; [DE 13] in *Merrell*, 4:25-CV-47-SJF; and [DE 15] in *Wagner*, 4:25-CV-49-GSL-APR; to the extent that the deadline for it to file a responsive pleading is **extended** until after an amended complaint is filed, with the deadlines for amendment and responsive pleading to be set at the hearing on November 13, 2025.

SO ORDERED this 21st day of October, 2025.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record