UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: INOTIV, INC. DATA LITIGATION INCIDENT<br><br>This Document Relates To: All Actions | Case No. 4:25-Cv-00046-PPS-JEM |

**REPORT OF PARTIES' PLANNING MEETING**

Plaintiffs Laramie Doyal, Emily Merrell, and Stefanie Wagner ("Plaintiffs") and Defendant Inotiv, Inc., ("Defendant"), by their respective counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order dated November 18, 2025 [ECF No. 23], state as follows:

The parties held a planning meeting via video conference and agreed upon this report on January 14, 2026. Attorneys Amina Thomas and Taylor Cody participated for the Plaintiffs, and Matthew Elliott participated for the Defendant.

1. **Jurisdiction.**

The court has jurisdiction under 28 U.S.C.§ 1332(d). The parties agree that a putative class action wherein the claimed amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the proposed class is a citizen of a state different from Defendant. Plaintiffs allege personal jurisdiction because Defendant is headquartered in this District and conducts substantial business in this District.

2. **Pre-Discovery Disclosures.**

The parties will exchange, *but may not file*, Rule 26(a)(1) information by February 12,

2026.[1]

3. **Discovery Plan.**

The parties propose the following discovery plan.

(a) Discovery will be needed on the following subjects:

1. Plaintiffs intend to pursue discovery pertaining to the events and circumstances giving rise to the Data Breach, as defined in the operative complaint, that is subject of Plaintiffs' claims, and to Plaintiffs' alleged injuries, including but not limited to:

    a. Defendant's cybersecurity protocols and safeguards in place prior to the incident that occurred on August 8, 2025, in which threat actors gained access to Defendant's systems ("Data Breach");

    b. The types of personal information potentially or actually compromised and/or exfiltrated as a result of the Data Breach;

    c. The number of people broken down by state who Defendant believes may have had their personal information compromised in the Data Breach; and

    d. Plaintiffs' alleged damages and any alleged casual nexus to the Data Incident.

2. Defendant intends to pursue discovery pertaining to Plaintiffs, their claims and alleged injuries, including, but not limited to:

    a. Communications related to the alleged Data Breach, Plaintiffs' claims, and alleged injuries.

[1] The court encourages setting all deadlines on business days.

b. Information about any misuse, theft, or fraud involving Plaintiffs' personal information, including steps taken to mitigate harm or protect their information, both before and after the alleged Data Breach;

c. Details regarding Plaintiffs' security practices and methods used to protect their personal information, including password management, use of security software, or two-factor authentication;

d. Information about Plaintiffs' use and disclosure of personally identifiable information (PII); and

e. Description and quantification of damages sought, including the computation and supporting documents for each category of damages.

3. Additionally, the parties intend to pursue discovery pertaining to:

   a. Issues relating to class certification; and

   b. Witnesses on certification and merit issues

(b) Any other issues implicit in Plaintiffs' complaint and Defendant's answer and affirmative defenses.

(c) Disclosure of electronically stored information should be handled as follows: The parties agree to meet and confer regarding the nature and extent of ESI in this case. The parties will complete and submit to the Court a Stipulated ESI Protocol.

(d) The last date to complete all discovery is April 1, 2027.

1. Non-expert witness discovery and discovery relating to liability issues shall be completed by October 9, 2026.

2. Expert witness discovery and discovery relating to damages shall be completed by March 19, 2027.

(e) Maximum of 35 interrogatories by each party to any other party.

(f) Maximum of 25 requests for admission by each party to any other party.

(g) Maximum of 10 depositions by Plaintiffs, not inclusive of expert depositions, and 10 depositions by Defendant, not inclusive of expert depositions.

(h) Each deposition (including any 30(b)(6) deposition) is limited to a maximum of 7 hours unless extended by stipulation or Order of the Court.

(i) The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

1. December 4, 2026, for Plaintiffs;
2. January 28, 2027, for Defendant; and
3. Any Rule 26(e) supplements in a timely manner.

4. **Other Items.**

(a) The last date the Plaintiffs may seek permission to join additional parties and to amend the pleadings is March 19, 2026.

(b) The last date the Defendant may seek permission to join additional parties and to amend the pleadings is March 19, 2026.

(c) The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

(d) The parties agree to the following Class Certification Briefing Deadlines:

1. Plaintiffs shall move for class certification on or before December 4, 2026.
2. Defendant shall file its response in opposition on or before 55 days after Plaintiffs serve the motion for class certification.
3. Plaintiffs shall file a reply in further support on or before 40 days after the Defendant's response to the motion for class certification is served.

(e) The case should be ready for jury trial by September 2027 and at this time is expected to take approximately 7 days.

(f) At this time, all parties **do not consent** to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

5. **Alternative Dispute Resolution.**

The case's settlement prospects may be enhanced via the following ADR procedure: Mediation. The parties are still conferring about an agreed upon mediator and expect to further update the Court on the status of their discussions at the January 29, 2026, preliminary pretrial conference.

Date: January 22, 2026

_*/s/ Lynn A. Toops*___________
Lynn A. Toops
Amina A. Thomas
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
T: (317) 636-6481
F: (317) 636-2593
ltoops@cohenmalad.com
athomas@cohenmalad.com

Gary M Klinger
**MILBERG PLLC**
227 W Monroe St Ste 2100
Chicago, IL 60606
T: 866-252-0878
gklinger@milberg.com

*Counsel for Plaintiffs and the Proposed Classes*

_*/s/ Matthew R. Elliott*_________
Paul A. Wolfla (# 24709-49)
Jane Dall Wilson (# 24142-71)
Matthew R. Elliott (# 34000-49)
**FAEGRE DRINKER BIDDLE & REATH LLP**
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
paul.wolfla@faegredrinker.com
jane.wilson@faegredrinker.com
matthew.elliott@faegredrinker.com

*Counsel for Defendant*